CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 18 2022

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CHARLENE B. and SAM B., ) | |
| ) | |
| Plaintiffs ) | Civil Action No. 4:21-cv-19 |
| ) | |
| v. ) | |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION

This matter was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on January 25, 2022, recommending that the defendant Social Security Administration's (SSA) motion to dismiss, ECF No. 9, be granted. ECF No. 22. Plaintiffs Charlene B. (Charlene) and Sam B. (Sam), proceeding pro se, objected to the R&R on February 4, 2022. ECF No. 23. Having reviewed the R&R and considered the objections, the court **ADOPTS** the R&R and **DISMISSES with prejudice** plaintiffs' claims that the SSA wrongfully took their stimulus checks and **DISMISSES without prejudice** Charlene's claim that the SSA wrongfully reduced her disability benefit amount.

## I.

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'"

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. April 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review de novo only those portions of the report to which specific objections have been made." Roach v. Gates, 417 F. App'x 313, 314 (4th Cir. 2011). See also Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.) ("The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein."); Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") (emphasis in original). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to

be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.

Plaintiffs raise two distinct claims: (1) The SSA wrongfully deprived them of the third stimulus checks they were due to receive under the American Rescue Plan Act of 2021; and (2) The SSA wrongfully reduced the amount of disability benefits Charlene receives under the Supplemental Security Income (SSI) program operated by the SSA. Their complaints will be addressed in turn.

### A.

On March 11, 2021, in response to the COVID-19 pandemic, Congress passed the American Rescue Plan Act of 2021, which included a third round of stimulus payments for some people. The Department of Treasury was responsible for distribution of the stimulus checks to eligible individuals. The SSA had no role in distribution of the stimulus checks and the payments were exempt from the Treasury Department's obligations to withhold refunds or overpayments to individuals who owe federal debts. Pub. L. No. 117-2, § 9601 (codified at

26 U.S.C. § 6428B). The Treasury Department began distributing checks on March 12, 2021 and continued to do so on a weekly basis as 2020 tax returns were processed. See IRS, Third Economic Impact Payment (May 17, 2021), https://www.irs.gov/coronavirus/third-economic-impact-payment (last visited Feb. 7, 2022).

Plaintiffs filed this lawsuit on April 1, 2021, alleging the SSA was "trying to steal and/or delay [their] Third Stimulus Payments." Compl., ECF No. 2. They did not allege further facts, but said they were seeking $7,000 in withheld stimulus payments. In its motion to dismiss, the SSA argued that the Plaintiff's claims should be dismissed for failure to state a claim against the SSA because the agency was not involved in distribution of the stimulus checks and also because Charlene and Sam did not allege facts sufficient to explain how or why they believed their checks were being withheld. The magistrate judge concluded that plaintiffs alleged insufficient facts to state a claim and recommended dismissal of their lawsuit with prejudice on that basis.

Plaintiffs did not object to or address the magistrate judge's recommendation that their claims be dismissed. Rather, plaintiffs appear to state that they have received their stimulus payments:

> Covid 19 was not even heard of when this case began. After this case began[,] the Social Security Administration failing to release much needed information to the Internal Revenue Service did. [sic] The plaintiff received all of the stimulus payments due them. This was due to an Act of Congress.

ECF No. 23 at 3.

Accordingly, based on the lack of objection to the R&R, the court **ADOPTS** the recommendation of the magistrate judge that plaintiffs' claims regarding their stimulus payments be **DISMISSED with prejudice** for failure to state a claim. In the alternative,

plaintiffs' claims are **DISMISSED as moot** because they have received their stimulus payments.

## II.

Charlene also complains that her SSI payment was wrongfully reduced. Charlene was found disabled because of a mental impairment as of October 1, 1991 and has been receiving SSI benefits since that time. Decl. of Janay Podraza, ECF No. 21-2 ¶ (3)(a). On September 3, 2016, the SSA informed Charlene that her monthly benefits would be reduced by $244.33, because it was believed that she was being provided food and shelter in another person's home that had a value equal to that amount. Ex. 3 to Podraza Decl., ECF No. 21-2 at 10-15. On June 8, 2018, Charlene filed a requestion for reconsideration of the determination, which was denied as untimely filed. Exs. 4 and 5 to Podraza Decl., ECF No. 21-2 at 16-19.

On June 25, 2018, Charlene wrote a letter construed as a second motion for reconsideration explaining that the first request was untimely because she did not understand "how the system works when it comes to things like exhausting administrative remedies[.]" Ex. 6 to Podraza Decl., ECF No. 21-2 at 20-21. Her second motion for reconsideration was denied on January 28, 2019. Ex. 7 to Podraza Decl., ECF No. 21-2 at 22-24. Meanwhile, on June 30, 2018, Charlene also had requested a hearing in front of an administrative law judge (ALJ). The ALJ dismissed her request for a hearing on January 29, 2019, because she filed the request before a decision had been made on her second request for reconsideration. Ex. 8 to Podraza Decl., ECF No. 21-2 at 25-28.

Charlene next filed a request for review of the ALJ decision by the Appeals Council and also requested that the ALJ vacate his previous decision. On March 11, 2019, the ALJ

denied Charlene's request to vacate the dismissal because her request for review of the ALJ decision vested jurisdiction in the Appeals Council. Ex. 9 to Podraza Decl, ECF No. 21-2 at 29.

On September 19, 2019, in response to Charlene's request for review of the ALJ decision, the Appeals Council informed Charlene that it was granting her request for review and was going to return her case to the local Field Office to consider whether Acquiescence Ruling (AR) 90-4(4) applied to her. AR 90-4(4) represents an acquiescence by the SSA to two cases decided by the Fourth Circuit Court of Appeals: Culbertson v. Sec'y of Health and Human Servs., 859 F.2d 319 (4th Cir. 1988) and Young v. Bowen, 858 F.2d 951 (4th Cir. 1988). Those cases held that an exception to administrative finality exists for parties who lack both mental competency and legal assistance necessary to contest an initial determination of disability. Chapman v. Astrue, No. C/A 1:10-3052-DCN-SVH, 2011 WL 4965493, at *9 (D.S.C. Sept. 26, 2011), report and recommendation adopted, No. CIV. 1:10-3052 DCN, 2011 WL 5005274 (D.S.C. Oct. 19, 2011) (citing Young, 858 F.3d at 955). The acquiescence ruling only applies in the Fourth Circuit and it provides a mechanism by which unrepresented claimants may be given an additional opportunity to seek reconsideration of a disability decision if they can show that mental incompetence caused them to miss a filing deadline. Id., 2011 WL 5005274 at *8-9 (citing AR 90-4(4)).

The Appeals Council gave Charlene 30 days to submit additional evidence or ask to appear in person. Ex. 10 to Podraza Decl., ECF No. 21-2 at 30-35. On November 8, 2019, the Appeals Council issued an order stating that the dismissal of Charlene's request for reconsideration did not reflect any consideration of whether AR 90-4(4) applied in her case,

despite the fact that Charlene was found disabled based on an intellectual disability. The Appeals Council stated that if the Field Office determined that AR 90-4(4) applied, it would reopen the prior determination and issue a revised determination on the issue of benefits. Ex. 11 to Podraza Decl., ECF No. 21-2 at 36-40.

On February 11, 2020, approximately three months after the Appeals Council said it was sending the case to the local Field Office, Charlene filed a lawsuit in federal district court challenging the reduction in her benefits. Charlene B. v. Social Security Administration, No. 4:20-cv-00014-JCH (W.D. Va. July 12, 2021). On July 12, 2021, the court dismissed the lawsuit for lack of jurisdiction because Charlene had not yet exhausted her administrative remedies, i.e., her request for reconsideration was still pending at her local Field Office, awaiting a determination about whether AR 90-4(4) applied to excuse the late filing of the motion for reconsideration. ECF Nos. 24 and 25 in 4:20-cv-00014-JCH.

In the meantime, Charlene and Sam had filed the instant case on April 1, 2021, complaining both about the stimulus checks they believed the SSA had taken from them and about the 2016 reduction in benefits. ECF No. 2. The SSA filed the pending motion to dismiss under Fed. R. Civ. P Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim. Mot. to Dismiss. ECF No. 9. On December 3, 2021, the magistrate judge ordered the SSA to provide additional information about the status of Charlene's request for reconsideration of the reduction in her SSI benefits. Order, ECF No. 18. The magistrate judge pointed out that it was not clear whether the Field Office had considered Charlene's request for a remand, and if not, why it had failed to do so. If the Field Office had taken

action, it was unclear what action had been taken, when it was taken, and what steps, if any Charlene took following the Field Office's action. Id. at 3.

In response to the magistrate judge's order, the SSA submitted a declaration from Greta Hier, the district manager of the Martinsville, Virginia Field Office. Hier stated that after receiving a copy of the court's December 3, 2021 order, she discovered that the Martinsville Field Office did not possess a copy of Charlene's paper folder and had taken no action on the claim, despite the November 8, 2019 order from the Appeals Council. Decl. of Greta Hier, ECF No. 21-1 at 1-2. Hier asked the Appeals Council to search for the paper folder and on January 11, 2022, the Appeals Council found the folder and shipped it to the Martinsville Field Office. Id. at 3.

The Martinsville Field Office received the folder the next day and is conducting an expedited review of Charlene's request for reconsideration. Once the review is completed, the Field Office will issue a decision. If the outcome of the investigation is to deny reconsideration of Charlene's appeal of the reduction in benefits, Charlene will have the right to appeal the denial of reconsideration via administrative and judicial remedies. Id. at 3-4.

In the R&R, the magistrate judge recommended granting without prejudice the SSA's motion to dismiss Charlene's benefit reduction claim because the court lacks jurisdiction to hear it. The magistrate judge is correct. The court does not have subject matter jurisdiction over Charlene's claim until she receives a final decision from the SSA, which will be issued only after she has exhausted her administrative remedies. See Smith v. Berryhill, 139 S.Ct. 1765, 1773 (2019) (noting claimants must proceed though four steps—seeking an initial determination, seeking reconsideration of the initial determination, requesting a hearing in

front of an ALJ, and seeking review of an unfavorable ALJ decision before the Appeals Council—before a district court will have jurisdiction to review a claim). Even though almost four years have passed since Charlene sought reconsideration of the determination that her benefits should be reduced, she remains at the second step of the four-step process—awaiting a decision on her request for reconsideration. Accordingly, because Charlene has not completed all four steps of the process, she has not exhausted her administrative remedies and this court does not have jurisdiction to consider her claims. Therefore, the court **OVERRULES** Charlene's objection to the magistrate judge's finding that her benefits reduction claim should be dismissed without prejudice as unexhausted.

### III.

Based on the foregoing, the court **OVERRULES** the objections filed in this case and **ADOPTS** the R&R in its entirety. Charlene and Sam's claim that the SSA wrongfully took their stimulus checks is **DISMISSED with prejudice** for failure to state a claim and, alternatively, as moot. Charlene's claim that the SSA wrongfully reduced her SSI benefits is **DISMISSED without prejudice** as unexhausted.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: February 18, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.02.18 10:15:56
-05'00'

Michael F. Urbanski
Chief United States District Judge